United States District Court
Southern District of Texas
FILED

JUN 23 1999

Michael N. Milby, Clerk of Court

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | |
|---|---|
| LINETTE GLADIS ABREGO, and § | |
| LUIS GERARDO ABREGO § | |
| § | |
| VS. § | CIVIL ACTION NO. B-99-001 |
| § | |
| E.M. TROMINSKI, INS DIRECTOR § | |
| and JANET RENO, Attorney General § | |
| of the United States § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Linette Gladis Abrego ("Linette") and her father Luis Gerado Abrego ("Luis") seek a preliminary injunction, declaratory relief, and writ of habeas corpus. (Docket No. 1 & 2). Their claims are opposed by the Defendants, the District Director of the Immigration and Naturalization Service ("INS") and the Attorney General of the United States. (Docket No. 7).

### BACKGROUND FACTS

The issue here is whether or not the Attorney General, acting through the INS, abused her discretion in denying Luis parole into the United States while his claim for United States citizenship is pending before the INS. This court is not being asked to decide the issue of Luis's citizenship. The following factual summary, drawn from Luis's complaint (Docket No. 1), places his claim in context.

Luis Gerado Abrego claims to be a United States citizen by birth. He states that he was born in Brownsville, Texas on December 15, 1969, when his mother, a citizen of Mexico, was visiting in Bownsville and went into labor unexpectedly. She gave birth and then went back to

Mexico almost immediately. No official birth record was made in Brownsville, but a contemporaneous record was made in a family Bible.

On May 30, 1970, Luis's birth was recorded in Mexico. Thereafter, Luis's mother became a United States citizen, his father became a resident alien, and the family moved to Brownsville. The family attempted to obtain an immigrant visa for Luis. This application was denied, because the family told the United States consul that Luis had, in fact, been born in Brownsville. They were advised to obtain a delayed birth certificate. Based on the family Bible entry, they were able to obtain this certificate from the State of Texas.

On August 20, 1996, INS apparently learned that Luis's birth was recorded in Mexico and he was placed in exclusion proceedings. Through a series of legal misadventures based, according to Luis, on bad legal advice from the attorney who represented him before the Immigration Judge at his deportation hearing, Luis withdrew his claim to having been born in the United States. Subsequently, Luis was ordered excluded and deported. He is presently in Mexico.

Luis's current lawyers have filed a motion to reopen his case before the INS. This motion is still pending.

LUIS'S CLAIMS SET FORTH IN HIS PETITION (Docket No. 1 & 2)

*Habeas Corpus*

Luis argues that to require him to wait in Mexico while he litigates his claim without offering him a hearing on his request for parole violates his due process rights. He argues that this deprivation is cognizable in an habeas corpus proceeding. He cites 28 U.S.C. §§ 2241(c)(1) and (c)(3) in support of this proposition.

2

*Administrative Procedure Act*

Luis's application for parole was denied because, according to the INS, there was not sufficient public interest in granting it. (Docket No. 1, Exhibit A). Luis argues that the public has an interest in his living in this country while his claim is pending and in not having his daughter, Linette, deprived of his presence.

*Declaratory Judgment*

Luis argues that he is entitled to a declaratory judgment that the INS action requiring him to wait outside the United States while his claims are litigated is a deprivation of his right to due process under the Fifth Amendment to the United States Constitution.

*Injunctive Relief*

Luis seeks an injunction "...enjoining and restraining Respondents from not paroling Petitioner into the United States, until such time as his claim to birth in the United States has been fully and finally adjudicated." (Docket No. 1, paragraph VI, subparagraph 1).

## LINETTE'S CLAIMS

Linette's claims are all derivative of Luis's. Their disposition is dependent on the disposition of his claims.

## INS RESPONSE (Docket No. 7)

*Habeas Corpus*

In its Response, the INS argues that Luis has no standing to bring an habeas action, since he is not in custody.

3

*Injunctive Relief*

The INS argues that Luis's request for a temporary injunction should be denied, since he cannot show a likelihood of success on the merits. In making this argument, INS points out that since Luis has not exhausted his administrative remedies this court does not have jurisdiction to review his claims.

*Declaratory Judgment*

No specific response is made to the claim for declaratory relief.

LUIS RESPONSE TO THE INS RESPONSE (Docket No. 9)

In Petitioners' First Response to Respondent's Opposition to Motion for Preliminary Injunction with Incorporated Points and Authorities, Luis points out that "The crux of Mr Abrego's claim is that he has been, in essence, summarily excluded, insofar as there exists no right to a hearing on his application for parole." (Docket No. 9, Paragraph II). Luis claims that the INS decision to deny him parole while his case is pending is a final agency action entitling him to seek a remedy pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

RESPONDENT'S SUPPLEMENTAL AUTHORITY (Docket No. 11)

The INS argues in its Supplemental Authority that the Administrative Procedure Act does not apply to deportation proceedings.

PETITIONERS' REPLY TO RESPONDENT'S SUPPLEMENTAL AUTHORITY
(Docket No. 12)

In reply to the respondent's Supplemental Authority, Luis states that he is not challenging the deportation order. His challenge is to the failure to afford him a hearing on the question as to whether or not he should be paroled while his application to reopen his case is pending.

4

## RECOMMENDATION

*Habeas Claim*

It is axiomatic that for habeas relief to be available, the movant must satisfy the custody requirement of 28 U.S.C. § 2241. *Macias v. Greene,* 28 F. Supp.2d 635, 638-639 (D. Colo. 1998). Luis was deported before he sought a reopening of his case. He had no legal action pending and he was not in custody. Accordingly, Luis has no habeas claim.

*Administrative Procedure Act Claim*

Luis argues that under the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, he is entitled to a review of the INS decision to deny him parole during the pendency of his case. (Docket No. 1, Exhibit A). The INS argues that pursuant to 8 U.S.C. § 1226(e) Congress has deprived the court of jurisdiction to review discretionary acts of the Attorney General in denying parole. Luis counters that by stating that what he is really seeking is a review of the agency decision denying him parole while his administrative proceedings are pending. (Docket No 9).

The Administrative Procedure Act, 5 U.S.C. § 702, states: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." This apparent broad grant of jurisdiction is limited by the last sentence of section 702 which states that it does not affect other limitations on judicial review. 28 U.S.C.A. § 702.

Congress, in 8 U.S.C. § 1226(e), has limited judicial review of the Attorney General's exercise of discretion in granting parole. That statute states clearly and unequivocally states that "No court may set aside any action or decision by the Attorney General under this section

5

regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C.A. §1226(e). The Attorney General, acting through the Immigration and Naturalization Service, exercised her discretion to deny Luis parole into the United States pending the resolution of his motion to reopen his case. It seems clear that a reading of 8 U.S.C. § 1226(e) shows a clearly expressed Congressional intent to deprive the courts of jurisdiction to review this decision. *Dunlop v. Bachowski*, 421 U.S. 560, 567 (1975); *Celanese Chemical Co., Inc. v. United States*, 632 f.2d 568, 575 n. 15 (5th Cir. 1980).

IT IS THEREFORE RECOMMENDED that the Petitioners' Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief be DENIED and Petitioners' case be DISMISSED for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this the 23rd day of June, 1999.

John Wm. Black
United States Magistrate Judge

6